UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FRED DANIELS,

    Defendant.

_____/

Case No. 11-cr-20483

Honorable Nancy G. Edmunds

**ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE [75]**

Defendant Fred Daniels is currently in the custody of the Federal Bureau of Prisons ("BOP") at Butner Low FCI in Butner, North Carolina. The matter is before the Court on Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239 (ECF No. 75). The Government filed a response in opposition to Defendant's motion (ECF No. 78) and Defendant filed a supplemental brief (ECF No. 82). The Court has reviewed the record in its entirety and finds that a hearing is not necessary. For the reasons set forth below, the Court GRANTS Defendant's motion.

**I.    Background**

On July 8, 2011, Defendant drove two other individuals to the parking lot of the Michigan State Treasury where an armored vehicle was parked. Defendant knew his passengers were armed and that they planned to rob the armored vehicle. As planned, he dropped them off and drove away while the robbery was in progress. The other two men entered the back door of the armored vehicle, forced the driver out at gunpoint and drove the vehicle away. $315,287 in cash was stolen and Defendant was given $10,000

1

for his role in the crime. Defendant spent his share of the money immediately on a used car, clothing and liquor and he posed in pictures holding liquor bottles and large sums of money. At the time, he was 22 years old. (ECF No. 78.)

Less than a month later, Defendant was indicted alongside the two others who participated in the robbery.[1] In February of 2012, he pleaded guilty to interference with commerce by robbery (Count One) and use of a firearm during and in relation to a crime of violence (Count Two) in violation of 18 U.S.C. §§ 1951(a) and 924(c)(1)(A), respectively. This Court sentenced him to 57 months imprisonment on Count One and the 84-month mandatory minimum on Count Two for a total sentence of 141 months imprisonment (ECF No. 43.) He began serving his sentence on May 21, 2012 and has presently served over 75% of his sentence. (ECF No. 79-1.) His projected release date is April 28, 2022 and he will be eligible for release to a halfway house on October 28, 2021. (ECF No. 82.)

Defendant, now 32 years old, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). As the basis for his motion, he complains of sickle cell disease, a history of Hodgkin's Lymphoma, severe respiratory problems and low blood pressure coupled with the increased threat of infection from COVID-19 in the congregate confinement of a prison setting. He asks the Court to reduce his sentence to time served so that he may better protect himself from contracting COVID-19. (ECF No. 82.) Butner Low FCI, where Defendant is presently being held, currently has five positive cases of COVID-19 among inmates and staff. There have been 608 total recoveries and 18 people

---

[1] A fourth co-defendant was also indicted for making a false statement to a FBI Special Agent investigating the crime.

2

have died from the virus in this facility. *See COVID-19 Cases*, Federal Bureau of Prisons (last updated Feb. 24, 2021), https://perma.cc/GJ3J-JWAX.

## II.     Analysis

The "compassionate release" provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons when there are "extraordinary and compelling" reasons to do so. *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). Historically, only the Director of the Bureau of Prisons could bring such a motion, but this changed with the passage of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020). An inmate may now bring a compassionate release motion on his own behalf once he exhausts any administrative remedies or 30 days after requesting relief from the Bureau of Prisons. *Id.* at 1004 (citing *United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020)).

The Sixth Circuit has instructed district courts to engage in a three-step analysis when considering a compassionate-release motion: *First*, consider whether "extraordinary and compelling reasons warrant [a sentence] reduction." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101). *Second*, "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id. Third*, "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

The policy statement referenced in step two is found in U.S.S.G. § 1B1.13 and presently only applies to motions brought by the Bureau of Prisons, not to inmate-filed motions. *Elias*, 984 F.3d at 519. Thus, when considering inmate-filed motions for compassionate release, "district courts have full discretion" to determine what reasons are "extraordinary and compelling." *Jones*, 980 F.3d at 1111.

Here, the Government concedes the first and second requirements for compassionate release have been met. *See Elias*, 984 F.3d at 518. Defendant properly exhausted his administrative remedies by submitting a request for release to the warden at Butner and waiting until that request was denied before filing the present motion. (ECF No. 78 at 5, 82 at 4.) Additionally, Defendant's sickle cell disease has been confirmed by the CDC as a condition that increases one's risk of severe illness from COVID-19. Accordingly, the Government agrees Defendant satisfies step two of the *Elias* analysis. (ECF No. 78 at 3.) *See Elias*, 984 F.3d at 521 ("Relying on official guidelines from the CDC is a common practice in assessing compassionate-release motions."). Nonetheless, the Government maintains Defendant is a danger to the community and that his request for early release should be denied based upon a consideration of the 18 U.S.C. § 3553(a) factors.

As at sentencing, the 18 U.S.C. § 3553(a) factors require consideration of a defendant's history and characteristics, the nature and circumstances of the offense, the seriousness of the offense, the need to protect the public from further crimes of the defendant, and the need to promote respect for the law and provide just punishment, among other things. *See* 18 U.S.C. § 3553(a).[2] "District courts should consider all relevant

---

[2] Wrapped up in this analysis is also the Government's argument, based upon the now irrelevant U.S.S.G. § 1B1.13, that releasing Defendant would endanger the community. *See Jones*, 980 F.3d at 1109

4

§ 3553(a) factors before rendering a compassionate release decision . . . [b]ut 'as long as the record *as a whole* demonstrates that the pertinent factors were taken into account by the district court[,]' a district judge need not 'specifically articulate' its analysis of every single § 3553(a) factor." *Jones*, 980 F.3d at 1114 (emphasis in the original) (quoting *Gall v. United States*, 552 U.S. 38, 49-50 (2007); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010)).

According to the Government, Defendant's motion should be denied because his offense and criminal history make him a danger to the community. Defendant committed the present offense while on probation for receiving and concealing stolen property after he led police on a high-speed chase in a stolen car. Prior to that, Defendant partnered with two others to steal a car. The vehicle occupants were ordered out at gunpoint and one woman was thrown to the ground. Defendant has also violated probation several times following these prior offenses. (ECF No. 78.) Moreover, while incarcerated, Defendant has accumulated a history of disciplinary infractions and the BOP has raised his recidivism level from low to moderate. (ECF No. 79-4, 79-5, filed under seal.)

Despite the Government's arguments, the 18 U.S.C. § 3553(a) factors, in context with Defendant's health and the COVID-19 pandemic, favor release. The Government accuses most, if not all, defendants seeking compassionate release from this Court of being a danger to the community. But, to assume every offender convicted of weapons offenses, drug crimes, robberies, or fraud schemes is a threat to the community and

---

("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion."). While a defendant is no longer required to prove "lack of dangerousness" to succeed on a § 3582(c)(1)(A) motion, the effect his early release would have on the safety of any other person or the community is incorporated into several § 3553(a) factors.

therefore cannot be granted compassionate release would render 18 U.S.C. § 3582(c)(1) meaningless as there are few federal inmates who are serving time for offenses that did not harm the public. Prior to the pandemic, the BOP moved for the compassionate release of a defendant who was serving life in prison for money laundering and drug crimes. *United States v. Walls*, 455 F. Supp. 3d 461 (E.D. Mich. 2020). The court granted compassionate release in that case last year. *United States v. Walls*, No. 92-80236, 2020 WL 1952979, at *3 (E.D. Mich. Apr. 23, 2020). Courts in this district have also granted compassionate release of defendants convicted of serious crimes including murder, robbery, and drug crimes. *See, e.g.*, *United States v. Bass*, --- F. Supp. 3d ---, No. 97-80235-1, 2021 WL 228904 (E.D. Mich. Jan. 22, 2021) (defendant sentenced to life imprisonment for conspiracy to distribute cocaine and cocaine base and firearms murder during or in relation to a drug trafficking crime); *United States v. Rodgers*, No. 11-20481, 2020 WL 6435785 (E.D. Mich. Nov. 2, 2020) (defendant sentenced to 200 months for bank robbery, pharmacy robbery, and using a firearm during a crime of violence); *Harrell v. United States*, No. 13-20198, 2020 WL 2768883 (defendant sentenced to 180 months for conspiracy to possess and distribute cocaine base).

      Here, Defendant's crimes were serious, but his conduct must be distinguished from that of his co-defendants.[3] Defendant, then only 22 years old, transported his co-defendants to the scene of the robbery. He knew they intended to rob the armored vehicle and knew they were armed, but otherwise he did not actively participate in the crime. He did not approach the armored vehicle, did not brandish a firearm, and did not remove the $315,000 stolen. He drove away before guns were drawn and before the vehicle doors

---

[3] Despite their larger roles in the crime, Defendant's co-defendants received lesser sentences and one of his co-defendants has since been released from prison.

were opened. He did not provide transportation away from the scene and did not help his two co-defendants as they tried to hide the vehicle. His co-defendants gave him a mere $10,000 for his limited role.

Moreover, Defendant takes responsibility for his crimes and has worked through his more than nine years in prison to better himself and prepare himself for life after release. He has taken courses to address his past problems with drugs and violence and courses to help him in the future as he seeks sustainable employment.[4] As for his disciplinary infractions, the Court notes these were for non-violent offenses and included giving or accepting money without authorization and allowing another inmate to use his phone pin. Accordingly, while any misconduct plays a role in this analysis, Defendant's positive contributions to his life while in prison outweigh his poor judgment on four occasions across nine years.

The relevant § 3553(a) sentencing factors here favor release. Defendant's history and characteristics, not only before his conviction but in the nine years since, weigh in favor of granting his motion. The nature and circumstances and seriousness of Defendant's crimes, considering his limited role in the robbery, also favor compassionate release. Defendant has spent over nine years in prison and has served over 75% of his sentence. This time is not a slap on the wrist – it satisfies the remaining factors.

## III. Conclusion

The Government does not dispute that Defendant exhausted his administrative remedies. He also has established "extraordinary and compelling" reasons for

---

[4] Defendant has successfully completed the 18-month Challenge Program and other programs that address his past behavior including Violence Prevention, Recovery Maintenance, Rational Thinking, Lifestyle Balance, Criminal Lifestyle, Reviewing Drug Use, and Communication Skills. He has also completed a number of career-oriented programs.

7

compassionate release within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i). An analysis of the 18 U.S.C. § 3553 factors also indicates early release is permissible. For these reasons, Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is GRANTED.

Accordingly,

IT IS ORDERED that Defendant's Motion for Compassionate Release (ECF No. 75) is GRANTED;

IT IS FURTHER ORDERED that Defendant's sentence of imprisonment is reduced to time served;

IT IS FURTHER ORDERED that, immediately upon release, Defendant shall commence a new term of supervised release of 36 months;

IT IS FURTHER ORDERED that, unless Defendant has been in a segregated special unit for high-risk prisoners for more than 14 days where no inmate has tested positive or shown symptoms of COVID-19 within the past 14 days, he shall self-quarantine within his home for the first 14 days immediately following his release;

IT IS FURTHER ORDERED that Defendant shall serve the first 12 months of supervised release under home detention and shall not leave his residence other than for medical appointments or other specific reasons detailed in the forthcoming amended judgement;

IT IS FURTHER ORDERED that Defendant's final 24 months of supervised release shall be served according to the conditions imposed by the Court in its original judgment with additional terms to be considered in the Court's discretion and in consultation with the Probation Department;

Defendant's original sentence remains unchanged in all other respects.

SO ORDERED.

Dated: February 25, 2021

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Court Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 25, 2021, by electronic and/or ordinary mail.

s/ Lisa Bartlett
Case Manager